UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSSELL KROL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-00368 (VLB) |
| ROYAL & SUNALLIANCE PERSONAL | : | |
| INSURANCE COMPANY A/K/A AXIS | : | |
| REINSURANCE COMPANY, | : | |
|     Defendant. | : | October 22, 2007 |

## MEMORANDUM OF DECISION GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #20]

The plaintiff, Russell Krol, filed a complaint against the defendant, Royal & SunAlliance Personal Insurance Company a/k/a Axis Reinsurance Company ("Royal"), in Connecticut Superior Court. Royal removed the case to this Court, grounding jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because Krol is a citizen of Connecticut and Royal is a citizen of Georgia. Krol claimed, <u>inter alia</u>, that Royal had failed to pay him certain workers' compensation benefits and intentionally misrepresented facts pertaining to those benefits. Royal has filed a motion for summary judgment on the grounds that (1) Krol has already signed a settlement agreement with Royal and (2) he failed to exhaust his administrative remedies. For the reasons given below, Royal's motion is GRANTED.

The following facts are relevant to Royal's motion for summary judgment.

In 1998, Krol injured his back and knee while he was at work. Krol filed a claim with the Connecticut Workers' Compensation Commission and later filed this action against Royal, which had issued an insurance policy to Krol's employer for workplace injuries. On November 30, 2006, Krol, his employer, and Royal executed a settlement agreement that was later approved by the workers' compensation commissioner. The agreement provided that Krol's acceptance of $79,150 from Royal "shall be in full and final discharge of any and all claims which [Krol] may now have or hereafter may have against [Royal] under the Workers' Compensation Act of this State . . . ." [Doc. #22, Ex. 4, p. 3] The agreement further provided that it was "intended to deal with any and all conditions, known or unknown, which exist as of the date hereof, or any changes of conditions which may arise in the future on account of the claimed condition." [Doc. #22, Ex. 4, p. 3]

Despite signing the settlement agreement, Krol has continued to prosecute this case. Krol alleges that Royal made a separate oral agreement to pay for certain additional knee treatments and to send him a $9,000 "advance payment," but that Royal has failed to honor the alleged separate oral agreement. Royal argues that it is entitled to summary judgment because there is no genuine issue of material fact regarding the existence of the alleged separate oral agreement.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). "A material fact is one that would affect the outcome of the suit under the governing law, and a dispute about a genuine issue of material fact occurs if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." Zelnik v. Fashion Institute of Technology, 464 F.3d 217, 224 (2d Cir. 2006). "All reasonable inferences must be construed in the nonmoving party's favor, and if there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." Binder & Binder, P.C. v. Barnhart, 481 F.3d 141, 148 (2d Cir. 2007).

"The moving party bears the initial burden of showing why it is entitled to summary judgment." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006). "[T]he movant may show prima facie entitlement to summary judgment in one of two ways: (1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency . . . ." Id. at 272-73. When a summary judgment motion is properly supported, the party opposing summary judgment "must demonstrate more than some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993). "When no rational jury could find in favor of the nonmoving party because

3

the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Services, Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

The first ground in Royal's motion for summary judgment concerns the parties' settlement agreement. Royal argues that the agreement released it from all claims arising from Krol's injury at work. Royal bases its argument on the language of the agreement, which states that the settlement is "in full and final discharge of any and all claims which [Krol] may now have or hereafter may have against [Royal] under the Workers' Compensation Act of this State . . . ." [Doc. #22, Ex. 4, p. 3] Krol argues in opposition that the parties did not intend to settle all of his claims, and that there was a separate oral agreement regarding his additional knee treatments and the $9,000 "advance payment." The only evidence in support of the existence of that alleged separate oral agreement is Krol's own affidavit.

In considering the scope of the settlement agreement, the Court turns to Connecticut law on contract interpretation. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract. . . . A court will not torture words to import ambiguity when the ordinary meaning leaves no room for ambiguity, and

4

words do not become ambiguous simply because lawyers or laymen contend for different meanings." McCann Real Equities Series XXII, LLC v. David McDermott Chevrolet, Inc., 93 Conn. App. 486, 503, 890 A.2d 140 (2006).

The Court determines that the language of the settlement agreement is clear and unambiguous. By signing that agreement, Krol released Royal from all claims under the Connecticut Workers' Compensation Act. It is unnecessary to look outside the four corners of the agreement to consider whether there was a separate oral agreement. Even if such an agreement actually had been made, Krol voluntarily granted Royal a "discharge of any and all claims" by signing the written settlement agreement and accepting payment of $79,150. Similarly, even if Royal had intentionally misrepresented facts pertaining to the additional knee treatments and the $9,000 "advance payment," Krol decided to sign the settlement agreement knowing that it did not mention the treatments and "advance payment." There is no genuine issue of material fact regarding the workers' compensation benefits that Royal agreed to pay Krol. Because the Court agrees with Royal's first ground for summary judgment, the Court does not need to consider the second ground, namely, whether Krol failed to exhaust his administrative remedies.

Royal's motion for summary judgment [Doc. #20] is GRANTED. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: October 22, 2007.**